Received
FILED
HARRISBURG
JUL - 2 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

FILED
HARRISBURG, PA
JUL 2 6 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC JOSEPH EPSTEIN | : | CIVIL ACTION NO. CV-010682 |
| Plaintiff, | : | |
| v. | : | (JUDGE YVETTE KANE) |
| SPENCER ABRAHAM, et al., | : | |
| Defendants. | : | |

## PROPOSED ANSWER OF EXELON GENERATION COMPANY, LLC

Intervenor/Defendant Exelon Generation Company, LLC (for these purposes, "Exelon") submits the following answer to the Complaint.

Introduction: Exelon admits the allegations on the first page of the Complaint to the extent supported by the contract amendment cited, which is the best evidence of its contents; otherwise, the allegations on the first page of the Complaint are conclusions of law and plaintiff's characterization of this action to

which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1. Exelon denies the allegations in paragraph 1 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

2. Exelon admits that Spencer Abraham is the Secretary of Energy; otherwise, Exelon denies the allegations in paragraph 2 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

3. Exelon admits that Herbert Watkins was a duly authorized contracting officer with the Department of Energy and executed the contract amendment referenced, which is the best evidence of its contents; otherwise, Exelon denies the allegations in paragraph 3 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

4. The allegations in paragraph 4 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, admits to the extent supported by the Joint Petition for Full Settlement cited, which is the best evidence of its contents; otherwise, denies the allegations in paragraph 4 of the Complaint

for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

5. The allegations in paragraph 5 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations in paragraph 6 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations in paragraph 7 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations in paragraph 8 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations in paragraph 9 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1-WA/1634601.2

10. The allegations in paragraph 10 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. The allegations in paragraph 11 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Exelon denies the allegations in paragraph 12 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

13. Exelon denies the allegations in paragraph 13 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

14. Exelon denies the allegations in paragraph 14 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

15. Admits that, due to the failure of DOE to commence accepting spent nuclear fuel on January 31, 1998, the nuclear facilities operated by Exelon are incurring substantial costs that would have been avoided had DOE complied with

1-WA/1634601.2

its obligations; otherwise denies the allegations and characterizations in paragraph 15 of the Complaint.

16. Admits to the extent supported by the order cited, which is the best evidence of its contents; otherwise, denies the allegations and characterizations in paragraph 16 of the Complaint.

17. Admits that Exelon has considered, and continues to consider, various storage options, including dry cask storage; otherwise, denies the allegations and characterizations in paragraph 17 of the Complaint.

18. Admits that Exelon has considered, and continues to consider, various storage options, including dry cask storage; otherwise, denies the allegations and characterizations in paragraph 18 of the Complaint.

19. Denies.

20. Admits that dry cask storage is being used at the Peach Bottom Atomic Power Station; otherwise, denies the allegations and characterizations in paragraph 20 of the Complaint.

21. Exelon denies the allegations in paragraph 21 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

22. Exelon denies the allegations in paragraph 22 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

23. Denies.

24. Denies.

25. Denies.

26. Exelon denies the allegations in paragraph 26 of the Complaint for lack of sufficient knowledge or information to form a belief as to the truth of those allegations.

27. Denies.

28. The allegations in paragraph 28 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admits to the extent supported by the Federal Register publication cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 29 of the Complaint.

30. Admits to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 30 of the Complaint.

1-WA/1634601.2

31. Admits.

32. Admits to the extent supported by the judicial decisions in the legal proceedings cited, which are the best evidence of their contents; otherwise denies the allegations and characterizations in paragraph 32 of the Complaint.

33. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 33 of the Complaint.

34. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 34 of the Complaint.

35. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 35 of the Complaint.

36. On information and belief, Exelon admits that the Department of Energy did not prepare an Environmental Impact Statement in connection with the Amendment; Exelon denies that there was any duty on the part of the Department of Energy to prepare such a statement.

1-WA/1634601.2

37. The allegations in paragraph 37 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations in paragraph 38 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. The allegations in paragraph 39 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations in paragraph 40 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations in paragraph 41 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. The allegations in paragraph 42 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1-WA/1634601.2

43. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 43 of the Complaint.

44. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 44 of the Complaint.

45. The allegations in paragraph 45 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 46 of the Complaint.

47. Admits to the extent supported by the Amendment cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 47 of the Complaint.

48. The allegations in paragraph 48 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations in paragraph 49 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

50. The allegations in paragraph 50 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations in paragraph 51 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations in paragraph 52 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations in paragraph 53 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. The allegations in paragraph 54 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1-WA/1634601.2

55. The allegations in paragraph 55 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations in paragraph 56 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

57. Admits to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 57 of the Complaint.

58. Admits to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 58 of the Complaint.

59. The allegations in paragraph 59 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

60. Admits to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 60 of the Complaint.

61. Admits to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 61 of the Complaint.

62. Admits to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations and characterizations in paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations in paragraph 64 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations in paragraph 65 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

66. The allegations in paragraph 66 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

1-WA/1634601.2

67. The allegations in paragraph 67 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

68. The allegations in paragraph 68 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

69. The allegations in paragraph 69 of the Complaint are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

70. Exelon denies that plaintiff is entitled to the relief requested in the "Remedies" section of the Complaint, or to any relief whatsoever.

71. Exelon denies each and every allegation not expressly admitted or otherwise qualified above.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to seek the relief claimed.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches and waiver.

1-WA/1634601.2

FOURTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over plaintiff's claims.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered an injury.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

Respectfully submitted,

Of Counsel:
Edward J. Cullen, Jr.
Jeffrey J. Norton
Exelon Corporation
2301 Market Street
Philadelphia, PA 19103

Vincent Candiello
MORGAN, LEWIS & BOCKIUS LLP
One Commerce Square
417 Walnut Street
Harrisburg, PA 17101
(717) 237-4014

Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1800 M Street, N.W.
Washington, D.C. 20009
(202) 467-7191

1-WA/1634601.2