JUDGE'S COPY    ORIGINAL

FILED
HARRISBURG

AUG 0 1 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC JOSEPH EPSTEIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 01-0682 |
| ) | Judge Kane |
| ) | |
| SPENCER ABRAHAM, Secretary of the ) | |
| U.S. Department of Energy; HERBERT ) | |
| WATKINS, Contracting Officer, U.S. ) | |
| Department of Energy ) | |
| ) | |
| and ) | |
| ) | |
| EXELON GENERATION COMPANY, ) | |
| LLC ) | |
| Defendants. ) | |

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS**

## I. The APA Does Not Require Notice And Comment For Contract Matters.

In his response to Federal Defendants' Motion to Dismiss, Plaintiff argues that 42 U.S.C. § 7191 precludes the Department of Energy ("DOE") from invoking the contract exception to APA rulemaking procedures. Pl. Resp. at 2-5. However, the statutory provision cited by Plaintiff in support of his argument was struck from the statute by Congress in 1997, and no longer prevents DOE from asserting the contract exception to the APA's notice and comment requirements. In the absence of this statutory provision, the terms of the APA's contract exception to notice and comment requirements apply, and Plaintiff's claim must fail. See Def. Memo in Support of Mot. to Dismiss at 7-9.

While Plaintiff is correct that prior to the 1997 amendments, 42 U.S.C. § 7191 precluded DOE from using the contract exception to the notice and comment requirements of the APA, in 1997 Congress amended this section of the statute to remove this anomaly in federal administrative proceedings. Department of Energy Standardization Act of 1997, Pub. L. No. 105-28 § 2, 111 Stat. 245 (1997) (standardization of DOE administrative requirements with government-wide requirements). The subsection cited by Plaintiff was stricken from the statute, and the 1999 supplement to the U.S. Code reflects this amendment. 42 U.S.C. §

1

7191(Supp. V 1999). The case Plaintiff cites in support of his argument predates the 1997 amendment, and therefore reflected the law and procedural requirements for DOE as they existed prior to the amendment. Pl. Br. at 2-3. Similarly, the modifications to the Standard Contract cited by Plaintiff, Pl. Br. at 3-4, to which DOE provided Federal Register notice and comment also all occurred prior to the 1997 amendment. 48 Fed. Reg. 23,160 (May 24, 1983); 52 Fed. Reg. 35,356 (Sept. 18, 1987); 56 Fed. Reg. 67,659 (Dec. 31, 1991). In short, Plaintiff has offered no rebuttal to Federal Defendants' contention that no APA action lies here.

## II  The Contract Amendment At Issue Here Does Nothing To Alter The Environmental Status Quo.

Plaintiff's opposition to Federal Defendants' Motion to Dismiss does not refute Federal Defendants' and Intervenor Defendant's argument that the contract amendments at issue here do nothing to alter the environmental status quo. Without such a change to the status quo, established caselaw explains that there is no major federal action, the necessary threshold for NEPA applicability. See Def. Memo in Support of Mot. to Dismiss at 12-15.

Plaintiff appears to argue that the contract amendment represents a major federal action because it A) "enables exchanges of PECO's Peach Bottom removal allocation credits with other nuclear units or other purchasers"; B) "allows the

2

PECO Energy Company to store spent nuclear fuel and high level radioactive waste produced at other nuclear facilities at Peach Bottom"; C) "establishes Alternative Dispute Resolution (ADR) as a means of resolution for disagreements over the Amendment"; and D) "obligates the DOE to provide additional monetary payments to PECO Energy Company if more favorable agreements are reached with other owners of [other] nuclear plants." Pl. Br. at 7. As described below, an examination of the actual terms of the contract amendment reveals that Plaintiff's characterization of the effects of the contract amendment are generally inaccurate or irrelevant to the NEPA issue here, and that Plaintiff fails as a matter of law to describe a major federal action to which NEPA's procedures would apply.

### A. The Contract Amendment Does Not Change PECO's Ability To Exchange Removal Allocation Credits With Other Facilities.

Contrary to Plaintiff's characterization, the contract amendment does not "enable exchanges of PECO's Peach Bottom removal allocation credits with other nuclear units." Rather, such exchanges were already possible under the original contract, subject to the approval of DOE. Contract Art. V(E) (Exhibit A to Brownstein Decl. ) ("Purchaser shall have the right to exchange approved delivery commitment schedules with parties to other contracts with DOE for disposal of SNF and/or HLW; provided, however, that DOE shall, in advance, have the right to

approve or disapprove, in its sole discretion, any such exchanges."). The contract amendment at issue here did not create a new "trading regime" as Plaintiff's Complaint suggests. Complaint ¶ 45. Contrary to Plaintiff's characterization, the contract amendment does not alter the environmental status quo related to the storage of SNF or the framework for arrangements between commercial nuclear facilities related to the schedule of DOE acceptance of SNF.

### B. The Contract Amendment Does Not Permit PECO To Store Waste Produced At Other Facilities.

Plaintiff's argument that the contract amendment "allows the PECO Energy Company to store spent nuclear fuel and high level radioactive waste produced at other nuclear facilities at Peach Bottom," Pl. Br. at 7, and therefore represents a major federal action, similarly must fail. Neither the original contract nor the amendment authorize the storage of "waste produced at other nuclear facilities"–indeed, DOE would not have the authority to authorize or license such activities. Rather, it is the Nuclear Regulatory Commission ("NRC") that holds the exclusive federal authority to permit the storage of waste at PECO's facilities. Pacific Gas and Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n, 461 U.S. 190, 207 (1983). Contrary to Plaintiff's characterization, the relevant language in the contract amendment recognizes this by stating that

4

"[n]othing in this Article shall preclude the Purchaser's storage of other SNF/HLW at the Peach Bottom ISFSI as long as the Purchaser complies with applicable federal, state and local laws and regulations." Contract Amendment Art. VII(B)(11) (Exhibit B to Brownstein Decl.). This language represents an affirmation of the legal status quo–that DOE does not have authority to regulate, limit, or license the operation of the PECO facility or the storage of waste thereon, and that therefore the contract could not, and does not, purport to do this. Brownstein Decl. ¶ 6 ("the Contract amendment does not involve any federal action regarding the PECO facility or its SNF, nor does it in any way affect the operation of the PECO facility or PECO's storage or management of its SNF"). The contract does not alter the regulatory status quo regarding operation of the PECO facility or the storage of SNF at the facility, and Plaintiff's claims to the contrary must fail as a matter of law.

### C. The Contract Amendment Allowing For Alternative Dispute Resolution Does Nothing To The Physical Environment.

Plaintiff appears to suggest that the addition of a clause allowing the parties to pursue alternative dispute resolution to resolve future disagreements regarding the terms of the amended contract makes the contract amendment a major federal action to which NEPA's procedures apply. This contention is absurd. Alternative

5

dispute resolution is a procedure for resolving contractual disputes outside of court, without regard to the nature of the dispute. See Contract Amendment Art. XVI(B) 9 (Exhibit B to Brownstein Decl.) ("In the event that the parties to this Amendment disagree about the interpretation of this Amendment, including but not limited to whether costs are Allowable and Reasonable, the parties agree to make a good faith effort to resolve their differences informally through non-binding mediation, non-binding arbitration or other non-binding alternative dispute resolution method."). It has no bearing on environmental matters whatsoever. Moreover, since DOE does not have regulatory authority over the operation of PECO facilities, any ADR could not include negotiations that would alter or affect the operation of PECO's facilities.

### D. The Contract Amendment Does Not Require Additional Payments To PECO Based On Negotiated Settlements Between DOE And Other Facilities.

Finally, Plaintiff appears to argue that the contract amendment represents a major federal action to which NEPA's procedures apply because the amendment "obligates the DOE to provide additional monetary payments to PECO Energy Company if more favorable agreements are reached with other owners of nuclear plants." Pl. Br. at 7. Plaintiff does not identify what provision of the contract amendment could accomplish this result, but in any event such an argument is not

6

supported by the language of the contract amendment. Contract amendment Article IV(B)(8) states:

> In the event that a court orders or legislation provides that DOE utilize more beneficial schedules, allocations, or funding sources that are applicable to a group of similarly situated signatories to the Standard Contract than DOE has provided to the Purchaser, DOE shall, at the Purchaser's request, renegotiate in good faith the terms of this Amendment.

This clause of the contract amendment provides that if Congress or a court order were to provide similarly situated operators with more beneficial payments than the amendment provides, then PECO could seek to renegotiate its terms with DOE on this basis. Nothing in this provision speaks to or augurs any change in the environmental status quo.

Even if Plaintiff's allegation was true, it is established in NEPA caselaw that "when the threshold requirement of a primary impact on the physical environment is missing, socio-economic effects are insufficient to trigger an agency's obligation to prepare an EIS." Image of Greater San Antonio v. Brown, 570 F.2d 517, 522 (5th Cir. 1978); see also National Ass'n of Government Employees v. Rumsfeld, 418 F. Supp. 1302, 1305 (E.D. Penn) ("NEPA is concerned with impacts upon the human environment, and courts have properly rejected NEPA claims based on purely economic concerns."). Here, the contract amendment does not alter the environmental status quo, but rather represents an equitable adjustment to a

7

contract based on DOE's failure to take possession of SNF by January 31, 1998. The effects of this are solely economic and therefore do not trigger NEPA's procedures.

### III. DOE's NEPA Regulations Categorically Exclude The Contract Amendment Here From NEPA's Procedural Requirements.

As discussed in Federal Defendants' Memorandum in Support of Motion to Dismiss, consistent with the CEQ's NEPA regulations, DOE's NEPA regulations provide certain classes of activities that are categorically excluded from the procedural requirements of NEPA. Def. Memo in Support of Mot. to Dismiss at 9-11. The contract amendment at issue here falls squarely within DOE's categorical exclusion A2 which excludes "[c]ontract interpretations, amendments, and modifications that are clarifying or administrative in nature." 10 C.F.R. § 1021.410. Here, the contract amendment serves to administer the original contract's equitable adjustment clause and clarifies the parties' obligations in light of DOE's failure to take possession of PECO's SNF after January 31, 1998.

As stated in Federal Defendants' Memorandum in Support of Motion to Dismiss, if the Court relies upon the Declaration of Alan Brownstein, DOE's NEPA Compliance Officer, to reach its finding on Plaintiff's NEPA claim, then Federal Defendants request that the Court consider Federal Defendants' motion as a partial

motion for summary judgment on Plaintiff's NEPA claims. When a motion for summary judgment is supported by declarations, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e). Furthermore, "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

Here, Plaintiff has not provided any affirmative evidence to contradict Mr. Brownstein's Declaration, but rather Plaintiff relies solely upon the allegations of his Complaint. Plaintiff does not present evidence to contradict Mr. Brownstein's statement that "the Contract amendment does not involve any federal action regarding the PECO facility or its SNF, nor does it in any way affect the operation of the PECO facility or PECO's storage or management of its SNF." Brownstein Decl. ¶ 6. Nor does Plaintiff offer evidence to contradict Mr. Brownstein's explanation that the amendment "fulfills the requirements of 10 C.F.R. § 1021.410(b) to be considered categorically excluded." Brownstein Decl. ¶ 6. In the absence of any affirmative evidence from Plaintiff to the contrary, Federal Defendants' partial motion for summary judgment should be granted.

## CONCLUSION

Plaintiff's claims here must fail as a matter of law. The APA expressly excludes contract matters from its notice and comment requirements, and the statute upon which Plaintiff's argument to the contrary relies was amended in 1997. Furthermore, Plaintiff fails to challenge a major federal action here as a claim brought pursuant to NEPA would require because the contract amendments do nothing to alter the environmental status quo. In addition, DOE's NEPA regulations categorically exclude contract amendments like those at issue here. Federal Defendants' Motion to Dismiss should be granted, and Plaintiff's suit should be dismissed with prejudice in its entirety.

DATED this 31st day of July, 2001.

Respectfully submitted,

                        JOHN C. CRUDEN
                        Acting Assistant Attorney General

                        */s/ John P. Almeida*
                        JOHN P. ALMEIDA
                        Massachusetts State Bar #643441
                        U.S. Department of Justice
                        Environment and Natural Resources Division
                        General Litigation Section
                        P.O. Box 663
                        Washington, D.C. 20044
                        (202)305-0245 (telephone)

(202)305-0506 (fax)

Attorney for Federal Defendants

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of July, 2001 a copy of the foregoing FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS has been served on Plaintiff and Intervenor Defendant by Federal Express Priority Overnight Delivery (Next Business Morning) at the following addresses:

>Eric Joseph Epstein
>4100 Hillsdale Road
>Harrisburg, PA 17112
>
>Brad Fagg
>Morgan, Lewis & Bockius
>1800 M Street NW
>Washington, DC 20009

*John P. Almeida*