ORIGINAL

25
5-6-
SC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

MAY 03 2002

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

| | | |
|---|---|---|
| ERIC JOSEPH EPSTEIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 01-0682 |
| | ) | Judge Kane |
| | ) | |
| SPENCER ABRAHAM, Secretary of the | ) | |
| U.S. Department of Energy; HERBERT | ) | |
| WATKINS, Contracting Officer, U.S. | ) | |
| Department of Energy | ) | |
| Defendants. | ) | |
| | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FEDERAL
DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

On April 3, 2002, the Court ordered the parties to provide supplemental briefs on two issues affecting jurisdiction and justiciability. The Court asked the parties to brief whether Section 119 of the Nuclear Waste Policy Act, 42 U.S.C. § 10139(a) ("NWPA") precludes the Court from exercising jurisdiction over Plaintiff's claims under the National Environmental Policy Act, 42 U.S.C. § 4331-4370d, ("NEPA") and the Administrative Procedure Act, 5 U.S.C. §§ 551-559, ("APA"). As discussed more fully below, the NWPA vests jurisdiction over both of Plaintiffs' claims in the United States Court of Appeals. The Court also asked the parties to brief the issue of whether Plaintiff has standing under NEPA to bring Count One to challenge the failure to prepare an Environmental Impact Statement ("EIS") prior to amending the PECO contract. While in some circumstances, putative plaintiffs can have standing to challenge a federal agency's failure to prepare an EIS, Plaintiff here has not satisfied the prudential "zone of interest" test for standing.

## ARGUMENT

I.     **Plaintiff's Claims Are Subject To Jurisdictional Limitations Of 42 U.S.C. § 10139.**

Plaintiff is challenging an amendment to a contract between the Department

of Energy ("DOE") and the PECO Energy Company ("PECO") alleging that by

taking this action, DOE has violated NEPA and the APA. The contract at issue

here arises pursuant to obligations imposed by the NWPA, and therefore, Plaintiff's

claims are subject to the jurisdictional limitations imposed by that statute.

## A.    Jurisdictional Provisions For Claims Under The NWPA.

Section 119 of the NWPA provides original and exclusive jurisdiction in the

U.S. Courts of Appeals for claims challenging actions by the President, the

Secretary of Energy, or the Nuclear Regulatory Commission under the NWPA:

> (a) Jurisdiction of United States courts of appeals
> (1) Except for review in the Supreme Court of the United States, the United States courts of appeals shall have original and exclusive jurisdiction over any civil action--
>> (A) for review of any final decision or action of the Secretary, the President, or the Commission under this part;
>> (B) alleging the failure of the Secretary, the President, or the Commission to make any decision, or take any action, required under this part;
>> (C) challenging the constitutionality of any decision made, or action taken, under any provision of this part;
>> (D) for review of any environmental impact statement prepared pursuant to the National Environmental Policy Act of 1969 (42 U.S.C. 4321 et seq.) with respect to any action under this subtitle, or as required under section 10155(c)(1) of this title, or alleging a failure to prepare such statement with respect to any such action;
>> (E) for review of any environmental assessment prepared under section 10132(b)(1) or 10155(c)(2) of this title; or
>> (F) for review of any research and development activity under subchapter II of this chapter.

2

42 U.S.C. § 10139(a).  As recently noted by the Ninth Circuit, the NWPA's

provision for review in the U.S. Courts of Appeals applies to DOE decisions "when

the decision is pursuant to a part of the Act and relates to the purposes of the part in

which the judicial review provision is placed."  Natural Resources Defense

Council, Inc. v. Abraham, 244 F.3d 742, 747 (9th Cir. 2001).  Various suits

addressing DOE's obligations relating to contracts with nuclear energy producers

pursuant to the NWPA have been litigated in the United States Courts of Appeals,

consistent with the Act's judicial review[1] provisions.  See Northern States Power

Co. v. U.S. Dept. of Energy, 128 F.3d 754 (D.C. Cir. 1997); Indiana Michigan

Power Co. v. Dept. of Energy, 88 F.3d 1272 (D.C. Cir. 1996); General Electric

Uranium Management Corp. v. U.S. Dept. of Energy, 764 F.2d 896 (D.C. Cir.

---

[1] Defendants note that Section 119 of the NWPA does not constitute a waiver of
sovereign immunity, but simply a provision of subject matter jurisdiction, and that
the waiver of sovereign immunity comes by way of  the Administrative Procedure
Act ("APA"), 5 U.S.C. 702, which authorizes judicial review of "agency action"
when the plaintiff seeks relief other than money damages.  Section 119 provides
the U.S. Courts of Appeals with jurisdiction over claims relating to NWPA actions,
but this only channels suits authorized under existing law (i.e., under the APA) into
the Courts of Appeals, and does not itself constitute a waiver of sovereign
immunity.  See, e.g. Swan v. Clinton, 100 F.3d 973, 981 (D.C. Cir. 1996)
(provision of jurisdiction by 28 U.S.C. 1331 is not waiver of sovereign immunity);
Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1385-86 (5th Cir.
1989). (jurisdictional grant in Section 113 of the Comprehensive Environmental
Response Compensation and Liability Act, 42 U.S.C. 9613(b), is not waiver of
sovereign immunity).

1985) (holding that judicial review section of NWPA applies to Subchapter III of Act where sections on waste disposal contracts are found).

**B.     The NWPA's Jurisdictional Provisions Apply To Plaintiff's NEPA Claim.**

Here, Plaintiff's NEPA claim should be subject to the original and exclusive jurisdiction of a United States Court of Appeals. Plaintiff alleges that the Department of Energy should have prepared an environmental impact statement ("EIS") prior to amending its contract with PECO. Complaint ¶¶ 38-55. The contract at issue here implements the direction set forth in the NWPA that the Department of Energy enter into contracts with civilian nuclear power generators. Therefore, Plaintiff's claim is one regarding the agency's NEPA obligations "with respect to any action under" the NWPA, to which the U.S. Courts of Appeals have original and exclusive jurisdiction.

The NWPA directs that contracts between DOE and civilian nuclear power generators provide that "in return for the payment of fees established by this section, the Secretary, beginning not later than January 31, 1998, will dispose of the high-level radioactive waste or spent nuclear fuel involved as provided in this subchapter." 42 U.S.C. 10222(a)(5)(B). As discussed in Defendants' Memorandum in Support of Defendants' Motion to Dismiss, as January 31, 1998

4

approached, the Department of Energy did not have a repository for nuclear waste and spent nuclear fuel, and it became evident that the Department was unable to take possession of these materials. Def. Memo at 11-12. Therefore, the Department entered into negotiations with PECO to make equitable adjustments to the charges that PECO pays into the NWF to resolve any contractual claims PECO might assert against DOE under the contract.

Plaintiff alleges that the Department of Energy should have prepared an environmental impact statement prior to amending its NWPA contract with PECO. Plaintiff's NEPA claim falls squarely within the NWPA's requirement that original and exclusive jurisdiction lies in the Courts of Appeals "for review of any environmental impact statement prepared pursuant to the National Environmental Policy Act of 1969 (42 U.S.C. 4321 et seq.) with respect to any action under this subtitle, or as required under section 10155(c)(1) of this title, or alleging a failure to prepare such statement with respect to any such action." 42 U.S.C. § 10139(a)(1)(D) (emphasis added).

Courts have recognized that challenges attempting to delineate DOE's obligations relating to contracts under the NWPA are subject to the jurisdictional limitations of the NWPA. See General Electric Uranium Management Corp. v. U.S. Dept. of Energy, 764 F.2d 896, 900-904 (D.C. Cir. 1985) (discussion that

courts of appeal have original and exclusive jurisdiction over claims arising from NWPA). Plaintiff's claims here challenging the agency's amendment to the contract are, therefore, subject to the jurisdictional limitations imposed by the NWPA, and should be adjudicated by a U.S. Court of Appeals.

### C.    Plaintiff's APA Claim Is Subject To The Jurisdictional Provisions Of The NWPA.

Plaintiff also raises a claim alleging that the Department of Energy should have engaged in an APA notice and comment rulemaking process prior to amending the PECO contract. Again, Plaintiff's APA claim is subject to the jurisdictional provisions of the NWPA which provide original and exclusive jurisdiction in the U.S. Courts of Appeals.

Plaintiff asserts that the Department of Energy must engage in an APA notice and comment rulemaking process prior to amending the PECO contract. Complaint ¶¶ 56-69. Again, this claim challenges the Department's amendment to its contract with PECO under the NWPA, and is therefore subject to the jurisdictional provisions of the NWPA which provide "for review of any final decision or action of the Secretary" in the U.S. Courts of Appeals. 42 U.S.C. § 10139(a)(1)(A).

Moreover, while the NWPA expressly states that NEPA challenges to

DOE's actions under the NWPA are subject to review in the U.S. Courts of

Appeals, caselaw analyzing similar statutes that vest original and exclusive

jurisdiction to the Courts of Appeals has held that in such challenges, all legal

claims related to the challenged agency action should be heard in the Courts of

Appeals. Suburban O'Hare Commission v. Dole, 787 F.2d 186, 192-193 (7th Cir.

1986) (provisions providing for exclusive review of FAA decision in U.S. Courts

of Appeals divest district courts of jurisdiction over all claims related to FAA

decision); City of Alexandria v. Helms, 728 F.2d 643, 646 (4th Cir. 1984) (same);

City of Rochester v. Bond, 603 F. 2d 927, 934-936 (D.C. Cir. 1979) (same).

Where Congress has vested exclusive jurisdiction to the Courts of Appeals,

"coherence and economy are best served if all suits pertaining to certain agency

decisions are segregated in particular courts," rather than allowing duplicative cases

to move forward in the District Courts and the Courts of Appeals. Bond, 603 F.2d

at 936. Here, Plaintiff's APA claim should be adjudicated by the same court that

decides Plaintiff's NEPA claim.

## II.    Plaintiff Has Not Established Standing To Pursue Claims Under NEPA.

While there are circumstances in which a plaintiff may challenge a federal

agency's failure to prepare a NEPA document,[2] here, Plaintiff has not established

standing to pursue such a claim.  Plaintiff's asserted basis of injury is purely

economic.  As such, Plaintiff's asserted "injury" does not fall within the zone of

interests of NEPA, and Plaintiff does not have standing to pursue a NEPA claim

here.

### A.    Standing And The "Zone Of Interest" Test.

In addition to the constitutional requirements of Article III, federal courts

adhere to prudential principles bearing on the question of standing, including a

requirement "that a plaintiff's grievance must arguably fall within the zone of

interests protected or regulated by the statutory provision or constitutional

guarantee invoked in the suit."  Bennett v. Spear, 520 U.S. 154, 162 (1997); UPS

Worldwide Forwarding, Inc. v. U.S. Postal Service, 66 F.3d 621, 628 (3rd Cir.

1995).  Where a plaintiff brings a suit pursuant to the waiver of sovereign

immunity provided by the Administrative Procedure Act ("APA"), a reviewing

court must look to the substantive provisions of the statute from which alleged

violations of which serve as the basis for the claims, and determine if the plaintiff's

injury falls within the "zone of interests" sought to be protected by the statute.

---

[2] See, e.g. Hanson v. U.S. Forest Service, 139 F. Supp. 2d 1295 (W.D. Wash. 2001).

Lujan v. National Wildlife Federation, 497 U.S. 871, 883 (1990).

**B.    Plaintiff's Asserted Injuries Do Not Fall Within The Zone Of Interest Of NEPA.**

Here, Plaintiff raises claims under NEPA, but fails to satisfy the "zone of interests" test, as Plaintiff's only asserted "injury" is economic in nature. See Complaint ¶ 4 (only "injury" asserted is that plaintiff "is a PECO Energy shareholder and the Amendment entered into between the United States government and PECO Energy may adversely impact the Plaintiff's financial interests"). Numerous courts have recognized that economic injuries are not within the zone of interest of NEPA, and assertions of economic injury, without more, cannot support a plaintiff's standing in a NEPA action. Rosebud Sioux Tribe v. McDivitt, 2002 WL 507962, Civ. No. 00-2468, 00-2471 (8th Cir. Apr. 5, 2002); Central South Dakota Coop. Grazing Dist. v. U.S. Sec. of Agriculture, 266 F.3d 889, 896-97 (8th Cir. 2001); Nevada Land Action Ass'n v. U.S. Forest Service, 8 F.3d 713, 716 (9th Cir. 1993); Mountain States Legal Foundation v. Glickman, 92 F.3d 1228, 1235-36 (D.C. Cir. 1996). Plaintiff here has failed to establish that his asserted injury falls within the zone of interest of NEPA, and therefore this action should be dismissed for lack of standing.

## CONCLUSION

The NWPA vests original and exclusive jurisdiction over Plaintiff's claims to the U.S. Courts of Appeals.  Plaintiff has not established standing to pursue his NEPA claim where the only asserted injury is economic in nature, and outside the zone of interests of NEPA.

DATED this 2nd day of May, 2002.

Respectfully submitted,

THOMAS L. SANSONETTI
Assistant Attorney General


_____
JOHN P. ALMEIDA
Massachusetts State Bar #643441
U.S. Department of Justice
Environment and Natural Resources Division
General Litigation Section
P.O. Box 663
Washington, D.C. 20044
(202)305-0245 (telephone)
(202)305-0506 (fax)

Attorney for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 2nd day of May, 2002 a copy of the foregoing SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO DISMISS has been served on Plaintiff and Intervenor Defendant by first class U.S. Mail at the following addresses:

Eric Joseph Epstein
4100 Hillsdale Road
Harrisburg, PA 17112

Brad Fagg
Morgan, Lewis & Bockius
1111 Pennsylvania Avenue NW
Washington, D.C. 20004

_John P. Almeida_